IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TIMOTHY LEE STEWART, SR.,

                    Plaintiff,

         v.

GOVERNOR TONY EVERS, SILVA JACKSON,                    OPINION and ORDER
KEVIN A. CARR, and JOHN DOE DEFENDANTS
WHO PARTICIPATED IN SECRET                                  23-cv-52-jdp
MEETINGS/PUBLIC MEETING(S) THAT MADE
CONCLUSIONS TO TERMINATE BUS TOKENS
VIA RE-ENTRY PROGRAM RESOURCES,

                    Defendants.

Plaintiff Timothy Lee Stewart, Sr., appearing pro se, alleges that state officials violated his rights under the United States Constitution and state law by eliminating a free bus fare program for indigent offenders to meet with probation agents.

The next step is for me to screen Stewart's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I will dismiss the case for Stewart's failure to state a claim that can be heard in this court. Generally, a plaintiff suing in federal court must show either that he is raising a federal claim, 28 U.S.C. § 1331, known as federal-question jurisdiction, or that he and the defendants are citizens of different states and that more than $75,000 is in controversy, 28 U.S.C. § 1332, known as diversity jurisdiction.

Stewart does not allege facts that support a federal-law claim. Stewart states that the Wisconsin state government eliminated a program granting indigent offenders free bus fare for transportation to meet with probation agents. He contends that this violated various parts of the United States Constitution, but he does not state a claim for relief under any of these theories.

Stewart focuses on the Ex Post Facto Clause barring states from taking actions that "retroactively alter[ ] the definition of crimes or increase[ ] the punishment for criminal deeds." *Koch v. Vill. of Hartland*, 43 F.4th 747, 750 (7th Cir. 2022) (internal quotation omitted); *see also* U.S. Const. art. 1, § 10, cl. 1. Stewart contends that elimination of the bus-fare program is an ex post facto law because the program was in place when he committed his offense.

But to violate the Ex Post Facto Clause, a governmental action must be "*both* retroactive and penal." *Hope v. Comm'r of Indiana Dep't of Correction*, 9 F.4th 513, 530 (7th Cir. 2021) (emphasis in original). Part of the test for determining whether a measure is penal is deciding whether the government intended to impose a punishment on the offender. *Smith v. Doe*, 538 U.S. 84, 92 (2003). It is not plausible to suggest that requiring an offender to pay the cost of transportation to meet with a probation agent meets that standard; far harsher effects on offenders have been approved as non-punitive. *See, e.g., Steward v. Folz*, 190 Fed. Appx. 476, 479 (7th Cir. 2006) ("[W]hen a sex offender registry like Indiana's is enacted as a civil, non-punitive notification scheme, mandatory registration of convicted sex offenders does not constitute a criminal punishment in violation of the double jeopardy clause.").

Nor is there any reason to believe that the elimination of the program violated Stewart's federal rights in any other way. In particular, I am aware of no authority suggesting that

programs like the bus-fare program here create a property interest for probationers that might be protected by the Fourteenth Amendment's Due Process Clause.

Stewart contends that defendants violated state law in eliminating the program, but this court cannot consider a state-law claim under its diversity jurisdiction. Stewart and at least some of the defendants are citizens of Wisconsin. And there is no indication that Stewart's injuries from the elimination of free bus fare exceed $75,000. If Stewart wishes to pursue state-law claims, he will have to do so in state court.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of Stewart's claims is appropriate because I see no allegations suggesting that he could amend his complaint to state a claim for relief in federal court. Therefore, I will dismiss the case.

One final point. Recently, Stewart has been one of the court's more prolific filers: he has filed 12 cases over the last 6 months. Most of those have been dismissed, and the court will continue to manage his other pending cases about alleged direct violations of his civil rights. But Stewart's two most recent cases, including this one, have been baseless attempts at undoing governmental legislative or regulatory actions that he believes have adversely affected him. *See also Stewart v. Strouse*, No. 23-cv-35-jdp, 2023 WL 355941, at *1 (W.D. Wis. Jan. 23, 2023). To avoid further waste of judicial resources, any further case that Stewart files seeking to invalidate governmental legislative or regulatory actions will be sent directly to chambers and summarily dismissed if it has problems similar to those in this case and the '35 case.

3

ORDER

IT IS ORDERED that:

1.  This case is DISMISSED.

2.  The clerk of court is directed to enter judgment for defendants and close the case.

3.  Plaintiff is sanctioned as described in the opinion above.

Entered January 30, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge